IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERNON MILLER, : |  |
|     Petitioner, : |  |
| : |  |
|        v. : | Case No. 2:20-cv-3601-JDW |
| : |  |
| COMMONWEALTH OF : |  |
| PENNSYLVANIA, : |  |
|     Respondents. : |  |

## ORDER

**AND NOW**, this 6th day of August, 2021, the Court notes as follows.

1. On May 4, 2020, Petitioner Vernon Miller filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Mr. Miller filed an Amended Petition on November 2, 2020, and then again on January 15, 2021.  (ECF Nos. 9, 15.)

2. On February 4, 2021, the Court referred Mr. Miller's Petition to the Honorable Timothy R. Rice, United States Magistrate Judge, for a Report and Recommendation ("R&R").  (ECF No. 16.)

3. On February 11, 2021, Judge Rice issued an R&R, recommending that the Court deny Mr. Miller Petition with prejudice because it is untimely.  (ECF No. 18.)

4. Pursuant to Local Rules of Civil Procedure 72.1(IV)(a), Mr. Miller's objections to the R&R, if any, were due on February 25, 2021.

5. However, in light of the restrictions on Mr. Miller in prison as a result of the Covid-19 pandemic, the Court granted Mr. Miller's request for an extension of time until June 18, 2021, to file his objections.  (ECF No. 20.)

6. On June 29, 2021, the Court gave Mr. Miller a further extension, until July 30, 2021, to file his objections.

7. On July 26, 2021, Mr. Miller wrote to the Court and asked for an additional 30-45 days to respond. (ECF. No. 32.) The Court construes this request as a Motion for an Extension of Time.

8. It is unclear to the Court why Mr. Miller has not been able to file objections to the R&R for the past six months.

9. Upon review of Mr. Miller's Petition and Judge Rice's R&R, the Court concludes that Judge Rice was correct that Mr. Miller's Petition is untimely and that no exception applies to render it timely. Mr. Miller's criminal judgment became final on May 2, 2013, making his habeas petition due by May 1, 2014. Yet Mr. Miller did not file his Petition until nearly six years later. The Court agrees with Judge Rice's finding that nothing in Mr. Miller's petition suggests that an alternative start date applies to the running of the statute of limitations, nor do doctrines of statutory tolling, equitable tolling, or a fundamental miscarriage of justice render the Petition timely.

10. On its face, Mr. Miller's Petition is time-barred, and any objections from Mr. Miller will not change that outcome. Given that fact, and the fact that the Court has given Mr. Miller six months to file his objections, it is **ORDERED** that Mr. Miller's Motion for an Extension of Time (ECF No. 32) is **DENIED**.

11. It is **FURTHER ORDERED** as follows:

   a. The Report and Recommendation is **APPROVED** and **ADOPTED**;

   b. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice;

   c. There is no probable cause to issue a certificate of appealability;

   d. The Clerk of the Court shall send a copy of this Order to Mr. Miller at the following address: York County Prison, 3400 Concord Rd., York, PA 17402; and

   e. The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**